RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/21/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES CARD,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-01195 |
| VERSUS | |
| JOE KEFFER, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Charles Card ("Card") filed a "Fed.R.Civ.P. Rule 60(b) Motion for Relief from judgment" (Doc. 171) in his Federal Tort Claim Act and <u>Bivens</u> suit, contending he has newly discovered evidence. Card attached 2012 medical records and MRIs to his motion (Doc. 171).

The 2012 MRI of Card's right knee showed a mild bone contusion likely secondary to cartilage thinning or osteochondral defect (Doc. 171, p. 6/9). The 2012 MRI of Card's left knee showed a complex tear in the body and posterior horn of the medial meniscus with a flipped fragment in the intercondylar region, an interstitial tear of the anterior cruciate ligament, and mild joint effusion (Doc. 172, p. 8/9). Card contends this new medical evidence proves he has problems with his knees.

The judgment dismissing Card's case was entered on November 30, 2011 (Doc. 161). Card filed his Rule 60 motion on November 8, 2012 (Doc. 171). Rule 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time-and for reasons (1),

(2) and (3) no more than a year after the entry of the judgment of order or the date of the proceeding." Although Card's motion is within one year from the entry of judgment, it does not appear to have been filed within a *reasonable* amount of time.

Moreover, under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b). The court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." Solis v. Dretke, 436 Fed. Appx. 303, **2 (5th Cir. 2011), citing Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir.2002). The burden of establishing at least one of the Rule 60(b) requirements is on Card as the movant, and the determination of whether that burden has been met rests within the discretion of the court. Motions seeking relief under Rule 60(b)(1) through (b)(3) must be brought within one year "after the entry of the judgment or order or the date of proceeding." See Rule 60(c)(1). Motions seeking relief under Rule 60(b)(4) through (b)(6) must be made within a reasonable time. Solis, 436 Fed. Appx. at **2, and cases cited therein. Rule 60(b)(6) is a catchall provision allowing for the granting of

relief from a judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(2). Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances." Solis, 436 at **2, citing Hernandez v. Thaler, 630 F.3d 420, 429 (5th Cir. 2011).

To succeed on a motion for relief from judgment based on newly discovered evidence, a movant must demonstrate: (1) that he exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment. Hesling v. CSX Transp., Inc., 396 F.3d 632, 639 (5th Cir. 2005).

First, the 2012 medical records on which Card relies do not constitute "newly *discovered* evidence." Rather, they are simply new evidence which did not exist before a judgment was entered in this lawsuit.

Card contends the new medical evidence establishes that he has cartilage and ligament problems in his knees, while the doctor's previous diagnosis at USP-Pollock was osteoarthritis[1] aggravated by

---

[1] Osteoarthritis is "arthritis typically with onset during middle or old age that is characterized by degenerative and sometimes hypertrophic changes in the bone and cartilage of one or more joints and a progressive wearing down of apposing joint surfaces with consequent distortion of joint position and is marked symptomatically especially by pain, swelling, and stiffness." MEDLINEplus Health Information, Merriam-Webster Medical Dictionary: Osteoarthritis, *available at* http://www.nlm.nih.gov/mplusdictionary.html (a service of the U.S. National Library of Medicine and the National Institutes of Health).

playing sports. Contrary to Card's evident belief, his 2012 MRIs appear to be compatible with the previous diagnosis on his knees.

Also, while the new 2012 medical records are further evidence that Card has knee problems, the new records do not contradict the Report and Recommendation on which the judgment dismissing Card's action is based, which stated that, from August 2009 through July 2011, Card was not denied adequate medical care for his knee problems and that Card's complaint was really nothing more than a disagreement with the doctor's diagnosis of osteoarthritis aggravated by playing sports and Card's desire for a second MRI (Doc. 137). Therefore, Card has failed to show that the new medical records would have clearly produced a different result had they been in the record before the judgment was entered. Compare, Solis v. Dretke, 436 Fed. Appx. at \*\*2.

Card's new evidence does not change the original Report and Recommendation (Doc. 137) on which the District Judge's judgment was based, which stated that Card had received adequate medical care for his knee problems in 2009 through 2011. Therefore, Card has not carried his burden of proving he is entitled to relief under Rule 60(b) and his motion should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Card's Rule 60(b) motion be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

4

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 20th day of December 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE